Hal P. Reiland #144240
Reiland & Reiland
P.O. Box 5490
Pleasanton, California 94566
925-485-4220

Attorney for Plaintiff Asset Solutions, Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSET SOLUTIONS, LTD., | ) Case No. C02-05855  MJJ |
|  | ) |
| Plaintiff, | ) **OPPOSITION TO DEFENDANT'S MOTION** |
|  | ) **TO DISMISS AND MOTION TO STRIKE;** |
| vs. | ) **AND MEMORANDUM OF POINTS AND** |
|  | ) **AUTHORITIES IN SUPPORT THEREOF** |
| CYNTHIA HOLLADAY; MELANIE MEYER; | ) |
|  | ) |
| CHRIS KALABOUKIS; ONLINE FOCUS, | ) |
|  | ) |
| INC; SILICON VALLEY CHAPTER OF THE | ) |
|  | ) |
| AMERICAN MARKETING ASSOCIATION; | ) |
|  | ) |
| AMERICAN MARKETING ASSOCIATION, | ) |
|  | ) |
| inclusive, | ) |
|  | ) |
| Defendant | |

**OPPOSITION TO DEFENDANT MEYER AND SVAMA's
MOTION TO DISMISS AND MOTION TO STRIKE**

**MOTION TO STRIKE INTRODUCTION/SUMMARY OF ARGUMENT**

This is a relative simple case of Plaintiff Asset Solutions, Ltd. (ASL) creating a website for Silicon Valley Chapter of American Marketing Association (SVAMA) and deferring payment for those services based on services to be provided to it by SVAMA.  It was agreed in writing the value of the services in dollars and that until SVAMA provided the promised services, Plaintiff owned the copyrighted website and associated code.  SVAMA failed to perform and then,

PLAINTIFF ASSET SOLUTION'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS AND MOTION TO STRIKE
-1-

through its directors, including movant, Melanie Meyers, removed the website from Plaintiff's servers and copied the code.  Defendants refuse to return Plaintiff's website and/or pay the sums they contractually agreed.

The complaint provides for specific facts supporting claims that not only has SVAMA taken the intellectual property and copyrighted material from Plaintiff but that the other named defendants, directors and others took these actions willfully and with malice.  These actions were either outside of the scope of their authority or within the scope of their authority and under either theory they were in violation of the law.

It is apparent that defendants inclusion of all the causes of action and arguments that misapply the law, moving parties are throwing in the kitchen sink in an effort to find at least one plausible theory to prevail on the motion.  Despite this Plaintiff's have met or exceeded the liberal pleading requirements and each of the causes of action states a claim upon which relief can be granted.

Based on this opposition, Plaintiff respectfully requests that this motion be denied and that in the event it is granted that Plaintiff be allowed the right to amend the complaint.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**
**FACTS**

Asset Solutions, Ltd., is a California corporation and is the assignee of Wendy Kassner, dba Kassner (Kassner) to all right title and interest in and to the Contract by and between Kassner and SVAMA,

PLAINTIFF ASSET SOLUTION'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS AND MOTION TO STRIKE
-2-

as provided in Exhibit A to the Complaint. (Reference is made herein to the Complaint and its Exhibits for all purposes.)

Melanie Meyer, (Meyer), is an individual and director of Silicon Valley Chapter of the American Marketing Association (SVAMA), who is an association or corporation of unknown origin.

On May 31, 2001, SVAMA and Kassner entered into a Website Design and Maintenance Confirmation Agreement, (the Contract, see Exhibit A to Compliant), which provided the agreed terms and conditions between SVAMA and Kassner.

The Contract expressly provided that Kassner would create a website for SVAMA for a fee of $75,000 plus additional services at the rate of $125 per hour, and provided SVAMA promoted Kassner and made them their first vendor for website design, print design and other print materials and identified them as a lead sponsor, and allow Kassner to cosponsor two speaker events and co-host educational workshops and provide notice of such events to the SVAMA members for a two year period of time that Kassner would waive the fees for the website.  It was also agreed that Kassner would own the website and associated code.

Kassner delivered the website in May 2001.  Thereafter, Kassner hosted the website on its server, made changes to the site and provided maintenance expending additional hours.

 In March of 2002 a dispute arose between SVAMA, its directors and Kassner relating to SVAMA's failure to comply with the Contract. Thereafter Kassner notified Defendants that they failed to comply with the terms of the contract and the Contract terminated by its own

terms.  The directors requested that Kassner amend the Contract and Kassner refused during which time the directors and other defendants were copying the website from Kassner's server to a different server.

On March 24 and 25, 2002, the directors and other defendants were successful in their attempts to remove Kassner from all websites by advising Network Solutions that Kassner was no longer authorized to be the technical agent for the website and domain name.

Thereafter the SVAMA website, files and code, which are the property of Kassner are no longer controlled or accessible by Kassner and are now in the possession of SVAMA.

The SVAMA website and files are the original material of Kassner and are copyrightable under the laws of the United States. Since May 28, 2000, the SVAMA website has been published by plaintiff and all copies of it made by plaintiff or under their authority or license have been published in strict conformity with the provisions of the Act of October 19, 1976, Title §101, 90 Stat. 2541 and all other laws governing copyright.  At all times mentioned Kassner has been and still is the sole proprietor of all rights, title, and interest in and to the copyright in the above entitled work.

Defendants SVAMA and Meyer, and others infringed on plaintiff's copyright by copying the files from Kassner's server and transferring them to a new server, publishing them on the internet for their sole use and benefit.

## II.
## SUMMARY OF ARGUMENTS

1. Because this case is in Federal Court, Federal Procedure is followed and not state procedure.  As a result, California Code of

Civil Procedure §425.15 is inapplicable. (*Erie Railroad Co. v. Tomkins*, 304 U.S. 64 (1938).

2. Computer code and the website are appropriate subject matter for protection under the Copyright Act (*Apple Computer v Franklin Computer Corp.,* 714 F.2d 1240). Protection applies once expression is fixed in a tangible medium whether a Copyright is registered or not. The computer code and the website have been copyrighted (See Request for Judicial Notice).

3. The computer code associated with the website is the proper subject matter of a trade secret (California Uniform Trade Secret Act California Civil Code §3426). Plaintiff adequately protected the computer code with a confidentiality agreement signed by SVAMA (Contract). Computer code and a website is generally placed on a server and is not known or accessible to the public as is the case here.

4. Computer code and websites are tangible material subject to claims of conversion when taken without permission of the owner.

5. Tortious breach of the implied covenant of good faith and fair dealing is actionable when the breach also violates an independent duty under tort law.

6. Fraud is actionable where specific facts are stated with particularity. Here facts were pleaded in the complaint with particularity including the circumstances around which defendants induced plaintiff to enter into the agreement with no intention of honoring their end of the bargain.

7. Federal courts recognize and permit the practice of pleading in the alternative (Federal Rule Civil Procedure 8). Thus a claim for breach of contract and unjust enrichment is permissible here.

8. Negligent misappropriation of intellectual property is actionable when defendants had a duty independent of the contract not to infringe on Plaintiff's copyrights, trademarks or trade secrets.

9. Non-parties to a contract can be held liable for interference with prospective economic advantage.

10. Motion to strike punitive damages is improper under FRCP 12(f) where no material is redundant, immaterial, impertinent or scandalous.

### III.
### A MOTION TO DISMISS IS IMPROPER WHERE THE COMPLAINT SETS FORTH FACTS ENTILTING PLAINTIFF TO RELIEF

A motion to dismiss for failure to state a claim under FRCP 12(b)(6) is only permissible if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" (*Conley v. Gibson* 355 U.S. 41, 45-46 (1957). On a motion to dismiss the court must accept all facts alleged in the complaint as true (*Shah v. County of Los Angeles*, 797 F.2d 743, 745 (9th Cir. 1986). Furthermore, the court must construe the complaint in the light most favorable to plaintiff, accept all factual allegations as true; and determine whether plaintiff can prove facts to support a claim for relief. (*Cahill v, Liberty mutual Ins. Co.* 80F.3d 336, 337-338 (9th Cir. 1996) Accepting the facts described in the complaint the court should find that Defendant's motion for failure to state a claim must be denied for the reasons stated below.

1. **THE CLAIM FOR RELIEF AGAINST MEYER IS RIPE SINCE C.C.P. §425.115(a) IS INAPPLICABLE AS A PROCEDURAL RULE IN A COMPLAINT BASED ON A FEDERAL COPYRIGHT INFRINGEMENT CAUSE OF ACTION.**

This complaint was filed in Federal Court and as such the court follows federal procedural rules but also follows <u>state</u> <u>substantive</u> law (*Erie Railroad Co. v. Tomkins*, 304 U.S. 64 (1938). In this

PLAINTIFF ASSET SOLUTION'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS AND MOTION TO STRIKE
-6-

instance movants request the court to follow California Code of Civil Procedure §425.15.  Since this is California State <u>procedural</u> law, the Federal Court is not required to apply it to this matter.

C.C.P. §425.15 permits claims against directors of non-profit organizations after the court determines that the party seeking to file the pleading has established evidence that substantiates the claim. This requirement is purely procedural because the statute allows the filing of a pleading, including claims against a non-profit director, once a verified petition is filed with supporting affidavits stating the facts upon which liability is based (C.C.P. §425.15). The statute therefore allows complaints against directors of non-profit organizations once the procedural qualifications are met. Therefore, the requirements under C.C.P. §425.15 are purely procedural and do not bar a claim against a director based on a federal substantive claim.

C.C.P. §425.15 creates immunity for directors of non-profit organizations for negligent acts or omissions by that person within the <u>scope</u> of that persons duties as a director. Here, it is alleged that Meyer participated in the decision to take Plaintiff's copyrighted material for its own use. This act was intentional and outside of the scope of Meyer's duties as a director to participate in copying Plaintiff's intellectual property in violation of the contract.  Therefore, C.C.P.§425.15 would not apply if the facts plead are true.

"Mere membership in an unincorporated association does not make all members liable for unlawful acts of other members without participation, knowledge, or approval. Vicarious liability may exist,

however, based on a member's personal participation in an unlawful activity or the fact that he or she set the unlawful activity in motion. The liability of members cannot extend beyond the principles of agency on which the liability of each co-partner for the acts of his or her fellow partners is grounded" (*Orser v. George* 252 Cal App 2d 660, 670-671). As described in *Orser v. George supra,* Meyer is responsible for personal participation in unlawful activity or the fact that Meyer set the unlawful activity in motion.

Moreover, since this matter is based on federal Copyright law the choice of federal court as the forum was proper and justified and cannot be considered to be forum shopping as alleged by Defendant's motion.  Meyer's right to free association is not thwarted by the choice of this forum because it is the proper court and because Meyer's acts were intentional and out side of her duties as a director.

2. **COMPUTER CODE AND WEBSITES ARE APPROPRIATE SUBJECT MATTER FOR COPYRIGHT PROTECTION UNDER THE COPYRIGHT ACT. BOTH THE COMPUTER CODE AND THE WEBSITE HAVE BEEN REGISTERED AS COPYRIGHTS.**

Computer code and internet websites are the appropriate subject of Copyright protection (*Apple Computer v. Franklin Computer Corp.*, 714 F.2d 1240, 17 U.S.C. §101). A copyright is created automatically once expression is fixed on a tangible medium (17 U.S.C. §102). In general copyright registration is a legal formality that is intended to make a public record of the specific copyright. Registration is not a condition of copyright protection but only of enforcement. The website and the computer code at issue here have been registered with the copyright office (See Request for Judicial Notice). Thus defendant's citation of *Kodadek v. MTV Networks, Inc.,* 152 F.3d 1209 (9th Cir. 1998) and *S.O.S., Inc., v. Payday, Inc.,* 886 F.2d 1081 (9th Cir. 1989)

PLAINTIFF ASSET SOLUTION'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS AND MOTION TO STRIKE

-8-

which apply the limitations of 17 U.S.C. §411 to reject copyright infringement actions are not applicable here.

The underlying complaint and claims copyright infringement of the website, website files, website contents and the code used to make the website (Complaint ¶ 21 p.4). Kassner at all times was and is the sole owner of the intellectual property mentioned above (Contract). Defendants infringed the copyrights of the website, files and code when they copied the website files from Kassner's server and placed it on their own server. Furthermore, Defendants continue to use the Kassner and Marcom logos on the website (Exhibit C to Complaint) without permission. These logos were registered trademarks at the time this suit was filed and unauthorized use is a violation of law.  The facts, taken as true, clearly indicate that SVAMA's continued use of the website owned by Plaintiff is infringement.

Even if the court finds that the registration requirements are unsatisfied, plaintiff is entitled to an award of actual damages and profits irrespective of 17 U.S.C. §411, §512, since those sections only limit statutory damages and attorneys fees to unregistered claims.

**3. PLAINTIFF HAS AN ACTIONABLE CLAIM FOR TRADE SECRET MISSAPPROPRIATION SINCE THE TRADE SECRETS WERE SPECIFICALLY IDENTIFIED IN THE CONFIDENTIALITY CLAUSE OF THE CONTRACT AND ITS SECRECY WAS MAINTAINED.**

California Uniform Trade Secret Act embodied in Civil Code §3426 et seq. defines a trade secret as information including a formula, pattern, compilation, program, device, method, technique or process that: derives independent economic value from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use and is the subject of efforts that are

reasonable under the circumstances to maintain its secrecy. The trade secret at issue here is the code, as noted in the Complaint (¶ 32-36 p. 5). Courts have previously found computer software appropriate subject matter for trade secret protection. "We recognize that computer software can qualify for trade secret protection under the UTSA" (*S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1089-90 (9th Cir.1989).

>    The contract contains a confidentiality clause, which states:
>    "Client acknowledges that the information received by them
>    pursuant hereto may be confidential and for its use only,
>    and it will not use such confidential information in
>    violation of the law or reproduce, disclose or disseminate
>    such information to any other person (other than its
>    employees or agents having a need to know the contents of
>    such information, and its attorneys), except in connection
>    with the exercise of rights under this Agreement, unless
>    Agency has made such information available to the public
>    generally or client is required to disclose such
>    information by a governmental body." (Contract p.5).

The above provision was designed to protect ASL's trade secrets in the website code. The inclusion of this provision evidences the reasonable efforts used by ASL to protect its trade secrets and satisfies the requirements under Cal. Civ. Code 3426.1(d)(1), (2). Also, this provison provides that information received in connection with the contract, is confidential and for its own use only (Contract p.5). The Complaint provides facts that ASL maintained the code and website on its server and it was not made readily available to the public for copying. This is evident by the difficulty SVAMA and the other defendants had in trying to move it from Kassner's server.

PLAINTIFF ASSET SOLUTION'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS AND MOTION TO STRIKE
-10-

1  Therefore, Plaintiff used reasonable efforts to maintain the secrecy
2  of its code.
3     The complaint specifically describes the code associated with the
4  website as a trade secret (Complaint, ¶31-33 p. 5). Since the trade
5  secret is sufficiently described the specificity standards set forth
6  in the statute and applied in *MAI Systems Corp. v. Peak Computer,*
7  *Inc.*, 991 F.2d 511, 522 (9th Cir. 1993) are met here.
8     The code is not generally accessible or known to the public as
9  the Defendants claim. Only a portion of the code is accessible online
10 as conceded by Defendants (Defendants Motion To Dismiss P.9:25-26).
11 Plaintiff took reasonable steps to secure the code and website from
12 copying.

13     **4.  COPYING COMPUTER CODE AND AN ASSOCIATED WEBSITE FROM ONE
           SERVER TO ANOTHER CONSTITUTES THE CONVERSION OF TANGIBLE
14         PROPERTY.**

15
16    Tangible property is defined in California case law as "having
17 physical substance apparent to the senses." *Warner v. Fire Ins.*
18 *Exchange* 281, Cal.Rptr. 635, 638 (Ct.App.1991) cited in, *Irvine Co. v.*
19 *Great American Ins. Co.*, (C.A.9 (Cal.) 1996) [91 F.3d 152]. Computer
20 code is tangible property because it has physical presence. A person
21 can print the computer code and view it or view the website which is
22 the result of the computer code. (see attached code, Request for
23 Judicial Notice)
24     Conversion is the "intentional dominion of or control over a
25 chattel which so seriously interferes with the right of another to
26 control it that the actor may justly be required to pay the other the
27 full value of the chattel", (Ananda Church of Self Realization v.
28 Massachusetts Bay Ins. Co., 95 Cal. App. 4th 1273, 1281 (2002) citing
Restatement 2d Torts, §222A). Here Defendants intentionally copied

Plaintiff's website and moved it from Kassner's server to their own server. The act of moving and copying the website is an act of dominion over the website that interfered with the right of plaintiff to their website.

### 5. TORTIOUS BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING IS ACTIONABLE WHERE THE BREACH ALSO VIOLATES AN INDEPENDENT DUTY UNDER TORT LAW.

"Conduct amounting to a breach of contract becomes tortious only when it also violates an independent duty arising from principles of tort law" (*Applied Equipment Corp. v Litton Saudi Arabia Ltd.,* 7 Cal.4th 1273 (2002). The law imposes the obligation that every person is bound without contract to abstain from injuring the person or property of another, or infringing upon any of his rights. (§1708, Civ. Code.) This duty is independent of the contract .... "[A]n omission to perform a contract obligation is never a tort, unless that omission is also an omission of a legal duty" (*Jones v. Kelly* (1929) 208 Cal. 251, 255 [280 P. 942]).

Here Defendants had a duty independent of the contract not to infringe on plaintiff's copyrights, trademarks and trade secrets. Defendants breached this independent duty when they intentionally and willfully moved the website and associated code from Kassner's server to their own, in an effort to take plaintiff's property and avoid the contract in violation of plaintiff's rights (Defendants Motion To Dismiss P.5:14-16).

### 6. Plaintiff HAS SPECIFICALLY PLEADED SUFFICIENT FACTS TO SUPPORT CLAIMS FOR FRAUD AND MISREPRESENTATION

Fraud requires that the circumstances constituting fraud or mistake are stated with particularity and malice intent knowledge and other condition of mind may be averred generally (FRCP 9(b)). The complaint sets forth facts showing that defendants induced plaintiff

into rendering services provided in the contract without any intention of honoring their end of the bargain (Complaint, ¶63-67). The complaint further states that plaintiff justifiably relied on defendant's representations and suffered resulting harm (Complaint ¶62-69). Therefore, all requirements under FRCP 9 are met in the complaint.

### 7. FRCP 8 ALLOWS FOR RELIEF IN THE ALTERNATIVE OR OF SEVERAL DIFFERENT TYPES MAY BE DEMANDED IN A COMPLAINT

The Federal Rules of Civil Procedure allow for liberal pleading including pleading in the alternative. FRCP 8 requires a short plain statement of the claim showing the claimant is entitled to relief. "Relief in the alternative or of several different types may be demanded." FRCP 8.

Therefore under FRCP 8 it is permissible under the federal rules to file a claim for breach of contract and a claim for unjust enrichment at the same time.

### 8. NEGLIGENT MISSAPPROPRIATION OF INTELLECTUAL PROPERTY IS ACTIONABLE WHEN DEFENDANTS HAVE A DUTY INDEPENDENT OF THE CONTRACT NOT TO INFRINGE ON PLAINTIFF'S COPYRIGHTS, TRADEMARKS OR TRADE SECRETS.

Plaintiff contends that defendants were negligent in copying the files and code of plaintiff's website (Complaint, P.10 ¶ 86-91). Defendant's characterization of plaintiff's complaint being based solely on breach of contractual duties is incorrect as is evident from reviewing the complaint.

As discussed in Section 5 above, Defendants had a duty independent of the contract not to infringe on plaintiff's copyrights, trademarks and trade secrets. Defendants breached this independent duty when they intentionally and willfully moved the website and

associated code from Kassner's server to their own in violation of plaintiff's rights (Defendants Motion To Dismiss P.5:14-16).

The conduct of copying plaintiff's website and placing it on defendant's server was intentional and intended to harm Asset Solutions LTD. as described in the complaint (Complaint, P. 8-9). This type of conduct gives rise to tort liability regardless of whether liability is independent of the contract itself (*Erlich v. Menezes*, 21 Cal. 4th 543, 551-552 (1999).

### 9. NON-PARTIES TO A CONTRACT CAN BE HELD LIABLE FOR INTERFERENCE WITH INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

The tort of interference with prospective economic advantage requires:(1) an economic relationship between [the plaintiff and some third person] containing the probability of future economic benefit to the [plaintiff], (2) knowledge by the defendant of the existence of the relationship, (3) intentional acts on the part of the defendant designed to disrupt the relationship, (4) actual disruption of the relationship, [and] (5) damages to the plaintiff proximately caused by the acts of the defendant." (*Buckaloo v. Johnson* (1975) 14 Cal.3d 815, 827.)

Clearly, Meyer as alleged is not a party to the contract and as such a cause of action hereunder has been plead.  In regards to SVAMA, if it is determined that the written contract is void or is assumed in anyway by another party including defendant American Marketing Association (AMA), they may be a third party interfering with the contractual rights of plaintiff.  Therefore this cause of action would apply despite SVAMA as an apparent party to the contract.

As provided previously FRCP allows for the pleading of alternate theories and as such it is possible that in the alternative SVAMA

PLAINTIFF ASSET SOLUTION'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS AND MOTION TO STRIKE
-14-

could have interfered with the contractual rights plaintiff may have as to other defendants including the AMA.

Plaintiff contends that the torts for intentional and negligent interference with economic advantage apply to the directors of SVAMA since they were acting outside of their scope and role of directors by using surreptitious and wrongful means to copy the files and website from plaintiff to the detriment of plaintiff.

**IV.**

**A MOTION TO STRIKE PUNITIVE DAMAGES IS IMPROPER UNDER FRCP 12(f) WHERE NO MATERIAL IS REDUNDANT, IMMMATERIAL, IMPERTINANT OR SCANDOLOUS**

Under FRCP 12(f) the Court may order any insufficient defense or any redundant, immaterial, impertinent or scandalous matter. Defendant's contention under 12 (f) lacks any cognizable support for the reasons stated below.

Copyrights are freely assignable allowing for the transfer of ownership in whole or in part (17 U.S.C. §201). Kassner is a sole proprietorship and the damages suffered Kassner is not personal but freely assignable to Asset Solutions LTD. Contrary to movants argument, the situation at hand is not factually analogous to *Murphy v. Allstate Ins. Co.*, 17 Cal. 3d 937 (1976) which denied recovery for emotional distress to a party separate from the injured party. This claim is based on Copyright infringement and other torts associated with intentional acts directed at Asset Solutions LTD. and Kassner. There simply is no law provided by defendants that prohibit assignment of punitive damages in a copyright or intellectual property context.

**VI. CONCLUSION**

For the reasons discussed herein, it is respectfully requested that the Court deny defendant's motions to dismiss and motion to strike.  In the event the court grants in total or in part defendant's

motion, plaintiff respectfully requests the court grant leave for it to amend the complaint.

Dated this 9th day of June, 2003

*[signature]*

Reiland & Reiland
P.O. Box 5490
Pleasanton, California 94566
Hal Reiland

PLAINTIFF ASSET SOLUTION'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS AND MOTION TO STRIKE

-16-